IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT WILLIAMS, | : | |
|     *Plaintiff*, | : | CIVIL ACTION NO. |
| | : | |
|     *vs.* | : | |
| | : | |
| | : | |
| IONOS, INC. | : | JURY TRIAL DEMANDED |
| f/k/a 1&1 INTERNET, INC. | : | |
|     *Defendant.* | : | |

## COMPLAINT

**I.     PRELIMINARY STATEMENT:**

1.     Plaintiff, Robert Williams, brings this action for disability discrimination, failure to accommodate, and retaliation in violation of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951 et seq.[1]; interference and retaliation in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 et seq.

2.     This action arises from Defendant's termination of Plaintiff's employment on or about January 11, 2023, while Plaintiff was out due to a disabling condition, seeking medical care, and attempting to utilize medical leave.

3.     Plaintiff asserts claims under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., for interference with FMLA rights and retaliation for attempting to exercise those rights.

4.     Plaintiff also asserts claims under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 et seq., for disability discrimination (including failure to accommodate and failure to engage in the interactive process) and retaliation.

---

[1] Plaintiff has requested a Right to Sue for claims arising under the Americans with Disabilities Act and is awaiting for the same but intends to amend the Complaint once the EEOC issues a Right to Sue.

1

**II.    JURISDICTION AND VENUE:**

5.    This Court has federal question jurisdiction under 28 U.S.C. §1331 (FMLA) and supplemental jurisdiction under 28 U.S.C. §1367 (PHRA).

6.    Venue is proper under 28 U.S.C. § 1391(b) because the unlawful employment practices occurred in this judicial district and Defendant conducts substantial business in this district.

7.    Plaintiff has exhausted all administrative remedies. Specifically, Plaintiff filed a dual-filed charge with the PHRC and EEOC on June 26, 2023. More than one year has elapsed since that filing, and Plaintiff is permitted to pursue PHRA claims in court. Plaintiff's FMLA claims do not require administrative exhaustion

**III.    PARTIES:**

8.    Plaintiff Robert Williams is an adult individual who resides in or near Thorndale, Pennsylvania (Chester County).

9.    Defendant IONOS, Inc. f/k/a 1&1 Internet, Inc. is a business entity that does business in Pennsylvania, including within this District, and is an "employer" within the meaning of the FMLA and PHRA.

10.    On information and belief, Defendant's address includes 2 Logan Square, 100 N. 18th Street, Suite 400, Philadelphia, PA 19103.

**IV.    FACTUAL ALLEGATIONS COMMON TO CLAIMS:**

11.    Plaintiff began working for Defendant on or about January 27, 2020.

12.    Plaintiff performed his job duties satisfactorily and met Defendant's legitimate expectations.

13. Plaintiff worked at Defendant's Chesterbrook, Pennsylvania location and reported to Joe Costanza (supervisor/manager).

14. On or about December 24, 2022, Plaintiff became seriously ill and disabled. His symptoms included, among other things, viral symptoms, fever, nausea, headache, and neurological complications, and he was bedridden and unable to work.

15. Plaintiff promptly notified Defendant of his illness and inability to work. Specifically, Plaintiff notified his supervisor Joe Costanza of his illness on or about December 24, 2022.

16. Plaintiff followed up again on or about December 27, 2022, advising that he was still not feeling well and unable to work.

17. Plaintiff continued to communicate about his illness and attempts to obtain medical care during the relevant period, including by email communications to Defendant's management and Human Resources.

18. On or about January 2, 2023, Defendant's Human Resources representative, Karin Bright, emailed Plaintiff regarding his absences.

19. In that email, Ms. Bright informed Plaintiff, among other things, that he would need a doctor's note in order to be paid for his time off, but did not provide a deadline to submit any doctor's note.

20. Ms. Bright also informed Plaintiff that he was eligible for FMLA and provided a link and instructions to apply for FMLA, but did not provide a deadline to apply for FMLA or submit any FMLA paperwork.

21. Plaintiff responded on or about January 3, 2023, reiterating that he had been communicating about his illness and indicating that he would attempt to obtain a doctor's note.

22. On or about January 6, 2023, Plaintiff informed Ms. Bright that he had a doctor's appointment scheduled for January 9, 2023.

23. Ms. Bright responded, asked Plaintiff to clarify that he would not be working until then, and stated that Plaintiff would be required to apply for FMLA, again without providing any deadline for the application or for submission of medical documentation.

24. On or about January 10, 2023, Plaintiff informed Ms. Bright that his doctor could not see him until January 11, 2023.

25. Plaintiff attended the medical appointment on January 11, 2023, and obtained medical documentation relating to that visit.

26. Plaintiff then learned that Defendant had terminated his employment on or about January 11, 2023, asserting that Plaintiff had "abandoned" his job and/or had violated a "job abandonment" policy.

27. Defendant's termination rationale was false and/or pretextual because Plaintiff did not "abandon" his employment; he had repeatedly notified Defendant of his illness and inability to work and kept Defendant reasonably informed about his medical appointment timing.

28. Defendant terminated Plaintiff while Plaintiff was out on medical leave and while Defendant had already acknowledged that Plaintiff was eligible for FMLA and needed medical documentation, yet Defendant did not provide Plaintiff a reasonable or defined timeframe to complete the process before taking adverse action.

29. Defendant also failed to engage in a good-faith interactive process to determine whether Plaintiff required a reasonable accommodation (including a brief period of medical leave) and/or whether other accommodations were available short of termination.

4

30. On or about June 26, 2023, Plaintiff (through counsel) filed a dual-filed charge with the Pennsylvania Human Relations Commission ("PHRC") and the EEOC alleging disability discrimination and retaliation arising from Defendant's actions.

31. More than one year has passed since that filing, and Plaintiff is permitted to pursue PHRA claims in court.

32. As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer loss of wages and benefits, emotional distress/humiliation, and other consequential damages.

33. Plaintiff has incurred attorneys' fees and costs.

**COUNT I: FMLA INTERFERENCE (29 U.S.C. § 2615(a)(1))**

34. Plaintiff incorporates paragraphs 1 to 33 as if fully set forth herein.

35. Defendant was an employer covered by the FMLA.

36. Plaintiff was an eligible employee under the FMLA. Upon information and belief, Plaintiff worked sufficient hours, met the tenure requirements, and worked at or reported to a location where Defendant employed the requisite number of employees within the statutory radius.

37. Plaintiff suffered from a "serious health condition" within the meaning of the FMLA that rendered him unable to perform the functions of his position.

38. Plaintiff provided Defendant sufficient notice that he needed time off for a potentially FMLA-qualifying reason. Indeed, Defendant's HR representative expressly informed Plaintiff he was FMLA-eligible and provided him instructions to apply.

39. Defendant interfered with, restrained, and denied Plaintiff's exercise of FMLA rights by, among other things, terminating him and treating his medically necessitated absence

as "job abandonment," instead of providing FMLA leave and/or allowing a reasonable opportunity to complete the leave/certification process.

40. Defendant's violation was willful in that Defendant knew (or recklessly disregarded) that Plaintiff's leave was potentially FMLA-qualifying, having informed him of FMLA eligibility, yet terminated him anyway while he was out sick and before providing a defined or reasonable timeframe for required paperwork.

41. As a direct and proximate result, Plaintiff suffered damages including lost compensation and benefits.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant for all available relief under the FMLA, including back pay, benefits, interest, liquidated damages, equitable relief as appropriate, attorneys' fees, and costs.

### COUNT II: FMLA RETALIATION/DISCRIMINATION (29 U.S.C. § 2615(a)(2))

42. Plaintiff incorporates paragraphs 1 to 41 as if fully set forth herein.

43. Plaintiff engaged in protected activity by requesting and/or attempting to take leave for a serious health condition, providing notice of the need for leave, and pursuing FMLA leave as directed by Defendant.

44. Defendant took materially adverse action against Plaintiff, including terminating his employment on or about January 11, 2023.

45. Defendant's decision was causally connected to Plaintiff's protected activity, including by close temporal proximity and Defendant's knowledge of Plaintiff's medical condition and anticipated leave.

46. Defendant's violation was willful.

47. Plaintiff suffered damages as a direct and proximate result.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant for all available relief under the FMLA, including back pay, benefits, interest, liquidated damages, equitable relief as appropriate, attorneys' fees, and costs.

## COUNT III: PHRA DISABILITY DISCRIMINATION (INCLUDING FAILURE TO ACCOMMODATE / INTERACTIVE PROCESS) (43 P.S. § 955(a))

48. Plaintiff incorporates paragraphs 1 to 47 as if fully set forth herein.

49. Defendant is an "employer" under the PHRA.

50. Plaintiff is a protected individual under the PHRA because Plaintiff had an actual disability/handicap (including neurological dysfunction and related symptoms) that substantially limited one or more major life activities when active; and/or Plaintiff had a record of such an impairment; and/or Defendant regarded Plaintiff as having such an impairment.

51. Plaintiff was qualified to perform the essential functions of his job, with or without reasonable accommodation.

52. A reasonable accommodation available to Defendant included, at minimum, a brief period of medical leave and/or flexibility while Plaintiff obtained medical care and documentation (which Defendant itself requested and anticipated), rather than termination.

53. Defendant had notice of Plaintiff's medical condition and need for time off, including through Plaintiff's communications, and through HR's confirmation that Plaintiff was eligible for FMLA and direction to apply.

54. Defendant failed to engage in a good-faith interactive process to determine appropriate accommodations.

55. Instead, Defendant terminated Plaintiff on or about January 11, 2023 and treated his absence as "job abandonment," despite Plaintiff's ongoing communications and his pursuit of medical care.

56. Defendant's actions constituted unlawful discrimination under the PHRA, including adverse employment action on the basis of disability and/or perceived disability and failure to accommodate.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant for all available relief under the PHRA, including back pay, front pay and/or reinstatement as appropriate, compensation for humiliation/embarrassment and other non-economic damages permitted by law, interest, attorneys' fees, costs, and such other relief as the Court deems just.

### COUNT IV: PHRA RETALIATION (43 P.S. § 955(d))

57. Plaintiff incorporates paragraphs 1 to 56 as if fully set forth herein.

58. Plaintiff engaged in protected activity under the PHRA by opposing disability discrimination and by requesting and/or attempting to obtain leave or accommodation for a medical condition.

59. Defendant took materially adverse action against Plaintiff, including termination.

60. There is a causal connection between Plaintiff's protected activity and Defendant's adverse actions, including temporal proximity and Defendant's knowledge of Plaintiff's condition and request/need for leave/accommodation.

61. Plaintiff suffered damages as a direct and proximate result.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant for all available relief under the PHRA, including back pay, front pay and/or reinstatement as appropriate,

compensation for humiliation/embarrassment and other non-economic damages permitted by law, interest, attorneys' fees, costs, and such other relief as the Court deems just.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant and award:

A. Back pay, lost benefits, and other compensation;

B. Liquidated damages under the FMLA (and any other statutory relief available);

C. Pre-judgment and post-judgment interest;

D. Equitable relief including reinstatement and/or front pay, as appropriate;

E. Compensatory damages as available under the PHRA, including for humiliation/embarrassment and emotional distress;

F. Reasonable attorneys' fees and costs; and

G. Such other relief as the Court deems just and proper.

JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully Submitted,

HENNESSY LAW

/s/Brendan D. Hennessy, Esq.

Date: January 8, 2026

BRENDAN D. HENNESSY, ESQUIRE
I.D. NO.: 91831
101 Lindenwood Drive, Suite 225
Malvern, PA 19355
Phone: 484-875-3111
Bhennessy@Hennessylawfirm.com